[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a negligence case in which the plaintiffs, Norman Voog and his son, Matthew Voog, filed a two count complaint seeking damages for injuries they allegedly sustained as a result of an automobile accident.
Before the court is the defendants' motion to join Norman Voog as a party defendant so that damages may be apportioned. Because the court holds that it is unnecessary for apportionment of causal negligence to bring in as a party under section 52-102 someone who is already a party, the motion is denied.
In the first count, plaintiffs allege that on May 3, 1991, an automobile owned by defendant, Charles J. Lindsay, and operated by Mary Heather Matecun, collided with the automobile of plaintiff, Norman Voog, and that the defendant driver's negligence caused the collision and injuries suffered by the plaintiffs.
The second count adds claims of recklessness on the part of defendants in that the defendant driver's speed, in violation of section 14-219 of the Connecticut General Statutes, endangered the lives of the plaintiffs.
On November 22, 1993, the defendants, pursuant to Connecticut General Statutes, Secs. 52-102 and 52-572h(c), filed a motion to join plaintiff, Norman Voog, as party defendant, and additionally seek permission from the court to serve a writ, summons and cross complaint upon plaintiff, CT Page 3127 Norman Voog. In their motion, defendants maintain that plaintiff, Norman Voog, was operating his vehicle in a negligent manner causing it to collide with the vehicle in front of him, thereby causing his son, Matthew Voog's personal injuries. Defendants allege that plaintiff, Norman Voog, may be liable in whole or in part for the injuries and damages sustained by plaintiff, Matthew Voog. This motion is opposed by the plaintiff, Norman Voog.
Connecticut General Statutes, Sec. 52-102 states:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
Connecticut General Statutes, Sec. 52-572h(c) states:
 In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
In their supporting memorandum, defendants contend that it is necessary for plaintiff, Norman Voog, to be made a party defendant so that a complete determination regarding liability and damages can be assessed pursuant to Connecticut General Statutes, Sec. 52-572h(d). Conversely, plaintiff, Norman Voog, in his opposition motion, argues that the defendants' motion should be denied because the trier of fact will allocate fault, if any, at the end of trial.
Section 52-102 exists to join as parties to litigation persons who are not already parties. Norman Voog is one of the plaintiffs and is therefore already a party. Several Superior Court cases have pointed out such a joinder is not necessary to facilitate the apportionment of fault pursuant to General Statutes, Sec. 52-572h. Miano v. Bazzano, Superior Court, Judicial District of Hartford-New Britain at Hartford, No. 510509 (January 27, 1993, Hale, State Trial Referee). See Longo v. Calovis, CT Page 31286 CTLR 302, 303 (April 14, 1992, Hendel, J.); see also Stoughton v. Sabolick, 6 CTLR 460 (May 26, 1992, Pickett, J.).
The court is in accord with the reasoning of Judge Hale and those of like mind where the only object is apportionment of liability. No motion to join someone as a party is necessary where that person already enjoys party status because he brought the lawsuit. It is, of course, up to the defendants to plead the specifications of the elder Voog's negligence, so that their claim of causal fault on his part is appropriately raised.
Motion denied.
Flynn, J.